In the

# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 02-3268 & 02-3269

JESUS HERNANDEZ, TABITHA HERNANDEZ
and ISMAEL GARZA,

*Plaintiffs-Appellants*,

*v.*

CITY OF GOSHEN, INDIANA, GOSHEN POLICE DEPARTMENT
and MICHAEL C. MURPHY, Personal Representative of the
Estate of ROBERT L. WISSMAN, Deceased,

*Defendants-Appellees*.

———————

Appeals from the United States District Court
for the Northern District of Indiana, South Bend Division.
Nos. 3:02-CV-0387-RM & 3:02-CV-0388-RM—
**Robert L. Miller, Jr.**, *Chief Judge*.

———————

ARGUED FEBRUARY 26, 2003—DECIDED MARCH 31, 2003

———————

Before FLAUM, *Chief Judge*, and EASTERBROOK and
KANNE, *Circuit Judges*.

FLAUM, *Chief Judge*.    Plaintiffs Jesus Hernandez and
Ismael Garza suffered injuries during a fatal shooting
spree waged by a coworker at their manufacturing plant.
Hernandez[1] and Garza filed lawsuits seeking damages

---

[1]  Tabitha Hernandez joins her husband, Jesus Hernandez, as
a plaintiff in this lawsuit, claiming that the Defendants are li-
(continued...)

from the Defendants under 29 U.S.C. § 1983 and state tort law. Hernandez and Garza's § 1983 claims allege that the City of Goshen, through its police department (together "the City"), violated their constitutional right to liberty by not acting to prevent the shooting even after receiving a call from the plant manager reporting a threat of violence to plant employees. The district court dismissed the § 1983 counts under Rule 12(b)(6) for failure to state a claim, finding that the City's failure to protect Hernandez and Garza from their coworker's violence did not amount to a constitutional violation. We affirm.

## I. BACKGROUND

Jesus Hernandez, Ismael Garza, and Robert Wissman were employed at the Nu-Wood Decorative Millwork plant in Goshen, Indiana, in December 2001. During their work shift on December 6, 2001, Wissman got into a physical fight with another Nu-Wood employee. Wissman left the plant after the fight, but on his way out he threatened to return "to do bodily harm." After Wissman left, Nu-Wood plant manager Greg Oswald called the Goshen police department to report that he was concerned about his and his employees' safety because of Wissman's earlier altercation and parting threat, and because Oswald knew Wissman had access to guns. The unidentified person who answered the phone for the police department put Oswald on hold several times and then told him that the police department would not get involved unless and until Wissman harmed someone. Wissman returned to the Nu-

---

[1] (...continued)
able under Indiana state law for her loss of services, society and consortium due to her husband's injury. Since Mrs. Hernandez's state law claims are not before us on appeal, our references to "Hernandez" in the opinion apply only to Jesus Hernandez.

Wood plant later that day and made good on his threat: he shot and killed Oswald, shot and injured Hernandez, shot at Garza, and shot and injured several other Nu-Wood employees. Wissman also died during the shooting spree.

Hernandez, his wife Tabitha Hernandez, and Garza sued the City and Wissman's estate under Indiana state tort law, alleging negligence and wrongful death, and they sued the City under 29 U.S.C. § 1983, alleging a substantive due process violation. The federal and state law claims against the City are based on the City's alleged failure, through its police department's conduct, policies and procedures, to reasonably protect the Plaintiffs from Wissman's shooting spree. The district court dismissed the § 1983 counts against the City under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, finding that "a government's failure to protect a person against private violence generally does not amount to a violation of the [f]ederal [c]onstitution." *See also DeShaney v. Winnebago County Dept. of Social Svcs.*, 489 U.S. 189 (1989). The court then remanded the remaining state law claims to the Elkhart County, Indiana, Circuit Court pursuant to Fed. R. Civ. P. 54(b).

## II. DISCUSSION

We review the district court's decision to dismiss the § 1983 claims under Rule 12(b)(6) *de novo,* accepting all of the well-pleaded factual allegations in the complaint as true and drawing all inferences in favor of Hernandez and Garza. We will affirm the dismissal if it appears beyond doubt from our reading of the complaint that Hernandez and Garza can prove no set of facts that would entitle them to relief. *White v. City of Markham*, 310 F.3d 989, 992 (7th Cir. 2002); *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

An actionable claim for relief under § 1983 requires a plaintiff to plead (1) a deprivation of a right secured by the constitution or laws of the United States (2) caused by an action taken under color of state law. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Only the first requirement is at issue in this case. Hernandez and Garza's complaints allege that the City is liable for their injuries under § 1983 because it deprived them of their constitutional right to liberty "by reason of a policy and/or custom of its police department not to come to the aid of persons like [Hernandez and Garza] who [were] at foreseeable risk of harm and/or by reason of inadequate training of its police department employees or agents amounting to deliberate indifference to" Hernandez and Garza's "constitutional rights."

The district court thought that Hernandez and Garza's claims that the City deprived them of a "constitutional right to personal safety and security" were "nearly identical" to the claim made by Joshua DeShaney, who alleged that the State had deprived him of "his liberty interest in freedom from unjustified intrusions on personal security." *DeShaney*, 489 U.S. at 195. Like the Supreme Court in *DeShaney*, the district court in this case interpreted Hernandez and Garza's claims as alleging a deprivation of a protected liberty interest under the 14th Amendment resulting from the City's failure to do anything to prevent Wissman's shooting spree. The court then dismissed Hernandez and Garza's § 1983 claims because "a government's failure to protect a person against private violence generally does not amount to a violation of the federal constitution." *See DeShaney*, 489 U.S. at 202-03.

On appeal Hernandez and Garza argue strenuously that their claims do not allege a constitutional violation resulting from the City's failure to protect them against private violence, but instead assert a constitutional violation resulting from the City's "egregious, arbitrary and

oppressively exercised power" that contributed to its "deliberate indifference to risks of foreseeable bodily harm." In other words, Hernandez and Garza insist that their complaint establishes

> a cause of action of violation of substantive due process under § 1983 because, at the time of the incident, the city and its police department had in place arbitrary policies, procedures and customs of deliberate indifference to foreseeable victims of preventable violence that shocks the conscience, that was a proximate cause of the denial of the constitutional right to personal security and bodily integrity and, in turn, the horrendous damages inflicted upon [Plaintiffs].

By using the phrases "deliberate indifference" and "shocks the conscience" to describe the City's conduct, Hernandez and Garza try to make their case fit under *Rochin v. California*, 342 U.S. 172 (1952) (holding police liable under § 1983 because conduct undertaken to obtain evidence—illegally entering defendant's bedroom and forcibly extracting pills from defendant's body by pumping his stomach—shocked the conscience and went beyond the realm of reasonable evidentiary search and seizure), or *Estelle v. Gamble*, 429 U.S. 97 (1976) (finding that prison officials could be liable for defendant's injuries under § 1983 if injuries were caused by their deliberate indifference to prisoner's medical needs), or *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (affirming "shocked the conscience" test but finding police not liable under § 1983 for causing death of bystander in high speed police chase), instead of *DeShaney*.

Regardless of the words Hernandez and Garza use to describe the City's conduct in their brief, we review the sufficiency of their § 1983 claims under Rule 12(b)(6) based on the pleadings alone. In their complaints Hernandez and Garza allege that the City is liable under § 1983

because the police department had a policy of not coming to the aid of persons who were at a foreseeable risk of harm and because its inadequate training of its employees amounted to "deliberate indifference" to Hernandez and Garza's constitutional rights. Given the facts as pleaded, this allegation simply does not establish any constitutional violation for which the City could be found liable under § 1983, and the claims were appropriately dismissed under Rule 12(b)(6).

First, neither *Rochin* nor *Estelle* nor *Lewis* is applicable here; in all of those cases and their progeny, § 1983 liability arises from state action or inaction based on a recognized duty or affirmative course of conduct between the defendant state actor and the injured plaintiff. The critical difference in this case is that the City had no duty to the residents of Goshen to provide a police department whose policy is to investigate threats of violence, even credible ones, made by private persons and reported by private persons. As the Supreme Court held in *DeShaney* and we recently reiterated in *Windle v. City of Marion, Indiana*, 2003 WL 728964, at *2 (7th Cir. 2003), police departments have no constitutional duty to protect private persons from injuring each other, at least where the police department has not itself created the danger. Thus, no matter how egregious Hernandez and Garza might find the City's failure to investigate credible threats of private violence such as the one posed by Wissman, the City's conduct was not unconstitutional.

Second, Hernandez and Garza have not presented any facts which would lead us to conclude that this case falls within the narrow "state-created danger" exception to *DeShaney*. We have recognized the possibility that a state actor might incur liability under § 1983 if his or her conduct created or exacerbated the danger faced by the victim. *See Windle*, 2003 WL 728964, at *2; *DeShaney*, 489 U.S. at 201. In *Windle* we found no § 1983 liability where

police officers learned of potential danger to the plaintiff, Chaunce Windle, by listening to conversations between her and her sexual abuser over a police scanner but did not investigate the situation or act to prevent further abuse for a period of about two months. *Id.*, 2003 WL 728964, at *2. We said in *Windle* that, just as the social workers in *DeShaney* knew that Joshua DeShaney's father was abusing him but did not stop the abuse, the mere fact that the officers knew that Chaunce Windle faced danger but did not intervene until the situation reached crisis did not mean that the officers created the danger or made it worse for the purpose of imposing § 1983 liability. *Windle*, 2003 WL 728964, at *2.

In this case, the pleadings allege that the Goshen police department learned from Nu-Wood plant manager Greg Oswald's phone call that employee Robert Wissman threatened to do bodily harm to Nu-Wood employees, and that Oswald knew Wissman had access to guns. No other evidence of the City's knowledge or involvement with the situation at Nu-Wood appears on the face of the complaint. This is even less information about the specific danger facing Hernandez and Garza than the police had in *Windle* or the social workers had in *DeShaney*, and we therefore do not find that the City, through its police department's decision not to investigate the phoned-in threat, created or increased the danger faced by the Plaintiffs and their fellow Nu-Wood employees that day.

## III. Conclusion

Hernandez and Garza's § 1983 claims are based on allegations that they suffered a constitutional violation when the City failed to come to their aid despite knowing that they were at risk of harm. This case fits squarely within *DeShaney's* general rule that a state actor's failure to protect private persons from injuring each other

does not establish a constitutional violation. Accordingly, we affirm the dismissal of Hernandez and Garza's federal § 1983 counts under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*

USCA-02-C-0072—3-31-03